MUNICIPAL CREDIT UNION, Plaintiff, *v.* ELMER F. ANDREWS, Industrial Commissioner of the State of New York, Defendant.

Third Department, March 3, 1937.

*Frank R. Rubel,* for the plaintiff.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor-General,* of counsel], for the defendant.

RHODES, J. The question presented is whether the plaintiff is required to make the contributions provided for in the Unemployment Insurance Law, article 18 of the Labor Law.

Plaintiff is a credit union incorporated under the provisions of article XI of the Banking Law of the State of New York, and is engaged in its said business at its office and place of business in the Municipal Building in the city of New York, and is the employer of more than four employees, and, so far as the number of its employees and the time of their employment is concerned, comes within the definition of an employer, as set forth in subdivision 3 of section 502 of the Labor Law.

It claims, however, that it is exempt from the contributions specified in said Unemployment Insurance Law by virtue of the express provisions of sections 411 and 474 of the Banking Law. Said sections are as follows:

" § 411. Exemptions. Every savings and loan association shall be deemed an institution for savings, and neither it nor its property shall be taxable under any law which shall exempt savings banks or institutions for savings from taxation. No law which taxes corporations in any form, or the shares or property thereof, shall apply to savings and loan associations unless they are specifically named in such law. The shares held by members of any association and the dues and dividends credited thereon shall be exempt from sale on execution and proceedings supplementary thereto to the amount of six hundred dollars, and the members of any such association shall not be individually liable for the payment of its debts. The shares of savings and loan associations shall not be subject to the stock transfer tax either when issued by the association or when transferred from one member to another."

" § 474. Credit union not liable for taxation. Any credit union subject to the provisions of this article shall be deemed an institution for savings within the meaning of the law which exempts such institutions from taxation. No law which taxes corporations in any form, or the shares thereof or the accumulations therein, shall apply to corporations doing business in accordance with the provisions of this article, unless such corporations are specifically named in said law."

Section 515 of the Labor Law provides that on and after the 1st day of January, 1936, contributions shall be payable by *each* employer then subject to the law, and that contributions shall become payable by any other employer on and after the date on which he becomes subject to the law.

Section 516 thereof fixes the amount of the contribution payable by each employer at an amount equal to one per cent of the payroll for the year 1936, an amount equal to two per cent of such payroll for the year 1937, and thereafter an amount equal to three per cent of such payroll.

Throughout the Unemployment Insurance Law the amounts payable by an employer are denominated contributions, but the plaintiff asserts that these contributions are, nevertheless, a tax and that plaintiff is, therefore, exempt from payment thereof by virtue of the above provisions of the Banking Law.

Section 500 of the act contains a declaration of policy that economic insecurity due to unemployment is a serious menace to the health, welfare and morals of the people of this State, and that the public good and well being of the wage earners of this State require the enactment of this measure for the compulsory setting aside of financial reserves for the benefit of persons unemployed through no fault of their own.

Irrespective of this declaration of policy, it is apparent from the terms of the act that the attempt to ameliorate the condition of the defined workers in industry unable to obtain work in any employment for which they are reasonably fitted is imposed by the act upon employers generally.

The fund is wholly derived from contributions made by employers. Section 529 declares: " The unemployment insurance fund established by this article shall be the sole and exclusive source for the payment of benefits payable hereunder."

By section 521 every employer, including employers not subject to this article, shall keep a true and accurate record of the number of his employees and the wages paid by him and shall furnish to the Commission upon demand, a sworn statement of the same.

By subdivision 2 of section 502, " ' Employe ' means *any* person, including aliens and minors, employed for hire by an employer in an employment subject to this article, except any person employed at other than manual labor at a rate of wages of more than twenty-six hundred dollars a year or of more than fifty dollars a week." By section 503 benefits are payable from the fund " to *each* unemployed employe entitled thereto."

By the terms of the act, therefore, it would seem that plaintiff's employees are entitled to the benefits of the act to the same extent as all other defined employees. No reason suggests itself why credit unions should be singled out for exemption from contribution, especially where their own employees are entitled to share in the benefits of the fund provided for by the act. There is nothing concerning the business of a credit union which distinguishes it as an instrumentality of public benefit beyond that of many other organizations, such as charitable and benevolent corporations; and there is no express exemption. In fact, the statute contains no express exemption from contribution on the part of any employer coming within the category enumerated by the act. All the terms

of the act indicate that the Legislature intended it to have universal application as to defined employers and that all such employers are to contribute.

The will of the Legislature is controlling; our only task is to ascertain its intent; here that intent seems so clearly expressed as to render further discussion unnecessary.

Judgment should, therefore, be rendered in favor of the defendant dismissing plaintiff's claim and requiring plaintiff as an employer to make the contributions provided for by the Unemployment Insurance Law, such judgment, in accordance with the stipulation of the parties, to be without costs.

HILL, P. J.; CRAPSER and BLISS, JJ., concur; McNAMEE, J.; concurs on the ground that the contributions required are not a tax, but rather are payments to maintain a social provision for the protection of labor, and of the same general nature as compulsory insurance and indemnities in the Workmen's Compensation Law.

Judgment rendered in favor of the defendant dismissing plaintiff's claim, and requiring plaintiff as an employer to make the contributions provided for by the Unemployment Insurance Law, such judgment, in accordance with the stipulation of the parties, to be without costs.